# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| Scott Hartley,<br><br>    Plaintiff,<br><br>v.<br><br>Capital One Bank (USA), N.A.<br><br>    Defendant. | CIVIL CASE NO.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Scott Hartley (hereinafter "Plaintiff"), an individual, based on personal knowledge and on information and belief, through his undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of Plaintiff's privacy - intrusion upon Plaintiff's seclusion; violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, and violation of the Florida Consumer Collections Practices Act, Fla. Stat. §559.72 (hereinafter "FCCPA"), which regulates the collection practices against consumers.

2. Plaintiff brings this action against Defendant Capital One Bank (USA), N.A. (hereinafter "Defendant" or "Capital One") for its abusive and outrageous conduct in connection with debt collection activity, as Defendant contacted Plaintiff over 65 times after receiving notice that Plaintiff was represented by counsel and revoking any consent that may have been given to be contacted by Defendant on his cellular telephone.

3. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers

-

a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

4. Plaintiff re-alleges and incorporates herein by reference the allegations in each and every paragraph above, fully set forth herein.

5. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C.§ 227.

6. The venue is proper pursuant to 28 U.S.C. §1391(b)(1).

7. Plaintiff is a resident of the State of Florida and resides within this judicial district.

## GENERAL ALLEGATIONS

8. Plaintiff is an individual residing in the state of Florida.  Fla. Stat. §559.55(8)

9. At all relevant times herein, Capital One was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff.

10. At all relevant times, Defendant acted as a "debt collector."  Fla. Stat. §559.55(5)

11. Plaintiff applied for, and obtained, an unsecured credit card account with Defendant.

12. The loan Plaintiff took from Defendant was extended primarily for personal, family or household purposes. Fla. Stat. §559.55(6)

13. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

14. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction.

15. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves.

16. Plaintiff's account was an unsecured credit account and Plaintiff began making payments on the account shortly after opening.

17. Plaintiff was making payments on the account for some time before he became financially unable to keep up with the monthly payments.

18. Defendant began contacting Plaintiff in April of 2021 to inquire about the status of the loan and to collect on the payments that were no longer being made.

19. Plaintiff retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

20. Counsel for Plaintiff sent Defendant a letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

21. The contents of the letter also informed Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

22. Counsel for Plaintiff sent the certified letter of representation to Defendant on May 25, 2021.

23. Defendant received Plaintiff's certified letter of representation and revocation on May 28, 2021.

24. Plaintiff informed Defendant that he was revoking his consent to be called on his cellular telephone in May of 2021.

25. Despite Defendant receiving the notice of representation and revocation of consent, Defendant continued to contact Plaintiff on his cellular telephone.

26. Defendant would sometimes call Plaintiff numerous times each day demanding payment on the account as Plaintiff received over 65 calls and pre-recorded messages.

27. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

28. Defendant's automatic dialing machine has the capacity to generate telephone numbers.

29. Defendant also used a pre-recorded message and/or artificial voice to leave messages.

30. Defendant left pre-recorded messages for Plaintiff.

31. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

32. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

## **FIRST CAUSE OF ACTION**
(Violation of the FCCPA)
(Fla. Stat. § 559.72)
(Against Defendant Capital One)

33. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

34. Plaintiff provided written notice via certified mail that he was represented by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

35. Defendant continued to call and attempt to contact Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel and represented Plaintiff with respect to the debt that was owed to Defendant.

36. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

37. Plaintiff received over 65 calls from Defendant after Defendant was aware Plaintiff was represented by counsel.

38. Defendant also mailed payment demands to Plaintiff after it became aware he was represented by counsel.

39. Defendant violated Fla. Stat. §559.72(18) by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

## SECOND CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant Capital One)

40. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

41. Defendant was informed that Plaintiff revoked her consent to be contacted by Defendant in May of 2021.

42. Defendant called Plaintiff approximately sixty-five (65) times since Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

43. Plaintiff sent a certified notice to Defendant that explicitly informed Defendant that revocation to be contacted on his cellular telephone, to the extent it had previously been given, was being revoked.

44. Defendant received Plaintiff's notice.

45. However, Defendant would contact Plaintiff nearly daily regarding payment on the accounts.

46. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

47. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

48. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

49. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in May of 2021.

50. The voice messages left by Capital One were pre-recorded and used an artificial voice. Capital One left at least 65 voice messages on Plaintiff's cellular telephone.

51. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

## THIRD CAUSE OF ACTION
(Intrusion Upon Seclusion)
(Against Defendant Capital One)

52. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

53. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

54. Defendant intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

55. Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

56. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

57. These intrusions and invasions against Plaintiff by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

58. Defendant received notice stating that it was no longer to contact Plaintiff as she was represented by counsel and revoked his consent to be contacted on his cellular telephone.

59. As a result of such invasions of privacy, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at hearing.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a. An award of actual, statutory, and punitive damages.

    b. An award of actual damages pursuant to Fla. Stat. §559.77(2), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to Fla. Stat. §559.77(2)

    c. An award of statutory damages of $1,000.00 pursuant to Fla. Stat. §559.77(2), which are cumulative and in addition to all other remedies provided for in Fla. Stat. § 559.77(2).

    d. An award of costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

    e. An award of statutory damages of $1,500.00 for each and every one of the sixty-five (65) willful violations of the TCPA pursuant to 47 U.S.C. §227(b)(3)(C); a total of ninety-seven thousand five hundred dollars ($97,500).

    **f.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Dated: December 28, 2021          Respectfully submitted,

                                               */s/ **C. Ryan Violette***
                                               C. Ryan Violette
                                               FL Bar No. 71018
                                               **Recovery Law Group, APC**
                                               P.O. Box 518
                                               Sarasota, FL 34230
                                               941-266-6092
                                               Ryan@RecoveryLawGroup.com